[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
After entering a plea of no contest, defendant-appellant Timothy Salter was convicted of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. Salter was sentenced to a nine-month period of incarceration, with credit for twenty-eight days served.
Pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, Salter's counsel has advised this court that, after a thorough review of the record, he is unable to discern any arguable assignments of error to present on appeal. Counsel has forwarded a copy of his brief to Salter's last known address. Counsel has stated that the most Salter has said regarding any arguable issues for appeal is that "he was not given a fair chance," but that Salter has not communicated any appealable issues. Counsel has also submitted a motion to withdraw. He now asks this court to conduct an independent review of the record to determine whether the proceedings in the trial court were free from prejudicial error. SeeFreels v. Hills (C.A.6, 1988), 843 F.2d 958.
After reviewing the entire record, including the trial court's sentencing worksheet, we are satisfied that Salter's counsel has provided him with a diligent search of the record, and that he has correctly concluded that the proceedings below were free from prejudicial error. See Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346. Therefore, counsel's motion to withdraw is overruled, and the judgment of the trial court is affirmed.
Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Salter because he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.